IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF/RESPONDENT

V.                    Criminal No. 2:14-cr-20032-PKH-MEF-1
                      Civil No. 2:15-cv-02194-PKH-MEF

JOE GORDON                                                         DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed September 28, 2015. (Doc. 31) The matter is ready for Report and Recommendation.

**I.  Background**

On August 13, 2014, Defendant/Petitioner, Joe Gordon ("Gordon"), was named in an Indictment charging him with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One), possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three).  (Doc. 1) Gordon was arrested on August 21, 2014, and he appeared before the Honorable James R. Marschewski, U. S. Magistrate Judge, for arraignment on August 22, 2014, at which time Gordon entered a not guilty plea to the Indictment.  (Doc. 8)  Ms. Shannon L. Blatt ("Blatt"), a CJA panel attorney, was appointed to represent Gordon.  (Docs. 8, 12) Blatt requested discovery in open court.  (Doc. 8)

On October 16, 2014, Gordon appeared before Judge Marschewski for a change of plea

hearing.[1] (Doc. 15) Pursuant to a written Plea Agreement (Doc. 16), Gordon pleaded guilty to Count One of the Indictment charging him with distribution of methamphetamine. A Report and Recommendation that Gordon's guilty plea be accepted and the Plea Agreement tentatively approved, subject to final approval at sentencing, was filed by Judge Marschewski on October 16, 2014. (Doc. 18) An Order adopting the Magistrate Judge's Report and Recommendation in its entirety was entered by the Honorable P. K. Holmes, III, Chief U. S. District Judge, on October 16, 2014. (Doc. 19)

An initial Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on December 18, 2014. (Doc. 20) On December 24, 2014, Gordon advised that he had two objections to the initial PSR: first, he objected to the two-level enhancement for possession of a firearm on the basis that "there is nothing in the factual basis for Count 1 of the indictment relating to a firearm;" and, second, he objected to the career offender enhancement, contending that fleeing is not a charge that should be counted for the enhancement. (Doc. 22) On January 5, 2015, the Government advised that it had no objections to the initial PSR. (Doc. 23)

The Probation Officer made no changes to the PSR as a result of Gordon's objections, finding instead that both the firearm and career offender enhancements were appropriate. (Doc. 24-1, p. 1) On January 7, 2015, a final PSR was submitted to the Court. (Doc. 24) The final PSR determined that Gordon was accountable for a total of 153.28 kilograms of marijuana equivalent. (Doc. 24, ¶¶ 25-29) That drug quantity resulted in a base offense level of 24. (Doc. 24, ¶ 34) A two-level specific offense characteristics adjustment was made due to Gordon's possession of a

---

[1] Gordon and his counsel executed a Notice Regarding Entry of a Plea of Guilty and Consent to Proceed Before a Magistrate Judge. (Doc. 14)

dangerous weapon (firearm). (Doc. 24, ¶ 35) Gordon was determined to be a career offender, enhancing his offense level to 32; and, after a three-level reduction for acceptance of responsibility was made, his total offense level was determined to be 29. (Doc. 24, ¶ 40-43)

Gordon's extensive criminal history resulted in a criminal history score of 22, placing him in criminal history category VI. (Doc. 24, ¶ 61) The offense of conviction provided for a statutory maximum term of 20 years imprisonment. (Doc. 24, ¶ 89) Based upon a total offense level of 29 and a criminal history category of VI, Gordon's advisory guideline range was determined to be 151 to 188 months imprisonment. (Doc. 24, ¶ 90)

Gordon appeared for sentencing on February 25, 2015. (Doc. 28) The Court sentenced Gordon to a below-guidelines term of 130 months imprisonment, to be followed by three years supervised release, no fine, and imposition of a $100.00 special assessment. (Doc. 28) Judgment was entered by the Court on February 25, 2015. (Doc. 29) Gordon did not pursue a direct appeal.

On September 28, 2015, Gordon filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion"). (Doc. 31) The motion raises two grounds for relief: (1) that his enhancement as a career offender under U.S.S.G. § 4B1.1 is invalid pursuant to *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and (2) ineffective assistance of counsel for failing to appeal the *Johnson* issue. (Doc. 31, p. 4) The United States filed its response on October 29, 2015. (Doc. 34) A supplement was filed by Gordon on December 7, 2015. (Doc. 37) On August 29, 2016, Gordon filed a motion to stay pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016). (Doc. 39) An Order granting that motion and staying this action pending further order of the Court was entered on September 7, 2016. (Doc. 40) The stay was terminated by Order entered on March

8, 2017. (Doc. 41) As directed, the United States filed a Supplemental Response on March 22, 2017. (Doc. 42) Gordon did not file a supplemental reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Gordon's motion, and the files and records of this case, conclusively shows that Gordon is not entitled to relief, and the undersigned recommends the denial and dismissal of Gordon's § 2255 motion with prejudice without an evidentiary hearing.

### A. *Johnson*, *Welch*, and the Residual Clause of the ACCA

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortioin, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of*

> *physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA. *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

### B. *Beckles* and the Residual Clause of the Career Offender Guideline

The Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016) to address whether the language found in U.S.S.G. § 4B1.2(a)(2), defining a "crime of violence" for career offender purposes under the Sentencing Guidelines, is constitutional in the wake of *Johnson*. For the reasons and upon the rationale set forth in *Beckles v. United States*, — S.Ct. —, 2017 WL 855781 (Mar. 6, 2017), the Supreme Court held that the advisory Sentencing Guidelines, including § 4B1.2(a)(2)'s residual clause, are not subject to void for vagueness challenges under the Fifth Amendment Due Process Clause. In so ruling, the Supreme Court observed that: the prior system of purely discretionary sentencing was constitutionally permissible; the Guidelines merely guide the district courts' discretion; all of the required notice was provided by the applicable statutory range, which established the permissible bounds of sentencing discretion; and, the Guidelines do not implicate concern with arbitrary enforcement since they do not prohibit

any conduct or establish minimum and maximum penalties for any crime. The *Beckles* opinion controls the outcome in this case.

### C. Career Offender Guideline Claim

Gordon's first ground for relief is that his prior conviction for Fleeing Apprehension under Arkansas law fell within the residual clause of the career offender guideline, and that his sentence must be vacated without the career offender designation pursuant to *Johnson*. (Doc. 31, pp. 10-11) The United States argues that the *Johnson* rule is inapplicable to Gordon's sentence since it was enhanced pursuant to U.S.S.G. § 4B1.1(a), not the ACCA, and *Beckles* makes clear that the Sentencing Guidelines, including the career offender enhancement under § 4B1.1(a), are not subject to void for vagueness challenges under the Due Process Clause. (Doc. 42, pp. 2-4) The United States is correct.

In *Beckles*, the Supreme Court specifically held that the residual clause in § 4B1.2(a)(2) is not void for vagueness. *Id*. at *6, 11. Therefore, Gordon's *Johnson* based argument that his prior Fleeing Apprehension conviction should not count as a predicate offense for career offender enhancement under the residual clause of § 4B1.2(a)(2) necessarily fails.

### D. Ineffective Assistance of Counsel Claim

Gordon's second ground for relief is that his counsel was constitutionally deficient by failing to pursue the *Johnson* issue on appeal. (Doc. 31, pp. 13-15) This argument also fails.

First, Gordon was sentenced on February 25, 2015, four months prior to the *Johnson* decision. It has been frequently held that counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts, and failure to raise a "novel argument" based on unsettled legal questions does not render counsel's performance constitutionally ineffective. *See Ragland v.*

*United States*, 756 F.3d 597, 601 (8th Cir. 2014); *Allen v. United States*, 829 F.3d 965, 967 (8th Cir. 2016); *Basham v. United States*, 811 F.3d 1026, 1029 (8th Cir. 2016); and, *Dansby v. Hobbs*, 766 F.3d 809, 836 (8th Cir. 2014).

Second, the *Johnson* rule does not, as Gordon contends, apply to invalidate application of the career offender enhancement of the Sentencing Guidelines. *Beckles, supra*. Thus, it cannot be ineffective assistance of counsel not to raise a meritless argument. *See Larson v. United States*, 905 F.2d 218, 219 (8th Cir. 1990).

### E. No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255). No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (8th Cir. 2008). Those are the circumstances in this case. Resolution of Gordon's claims can be accomplished by reviewing the record and applicable law. A thorough review of Gordon's § 2255 motion, the files and records of this case, and applicable law, shows that Gordon is entitled to no relief. Accordingly, I recommend the summary dismissal of Gordon's § 2255 motion without an evidentiary hearing.

### F. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved

in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Considering the Supreme Court's decision in *Beckles*, I conclude that Gordon has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III. Conclusion

I recommend that Gordon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 31) be **DISMISSED with PREJUDICE**. I further recommend that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of April, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE